# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

MATTHEW DEWAYNE SMITH,              )
                                    )
    Plaintiff,                      )
                                    )
v.                                  )   Case No.  2:16-cv-01251-MHH-TMP
                                    )
SERGEANT MURPHY, et al.,            )
                                    )
    Defendants.                     )

## MEMORANDUM OPINION

The magistrate judge filed a report on November 1, 2016, recommending that this action be dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b) for failing to state a claim upon which relief can be granted.[1]  (Doc. 9).  In response, the plaintiff, Mr. Smith, has filed a pleading titled "Motion for Notice to Amend Complaint or in the Alternative Motion for Objection."  (Doc. 12).  For the reasons stated below, the Court denies the motion to amend and overrules the objections.

A district court may accept, reject, or modify, in whole or part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1)(C).  A district court reviews legal conclusions in a report de novo and reviews for plain

---

[1] The magistrate judge stated that his recommendation would be subject to amendment if the plaintiff "amend[ed] the complaint to provide additional factual allegations to establish a plausible claim." (Doc. 9, pp. 9-10).

error factual findings to which no objection is made.  *Garvey v. Vaughn*, 993 F.2d 776, 779 n. 9 (11th Cir. 1993); *see also LoConte v. Dugger,* 847 F.2d 745, 749 (11th Cir.  1988); *Macort v. Prem, Inc.*, 208 Fed. Appx. 781, 784 (11th Cir. 2006). When a party objects to a report in which a magistrate judge recommends dismissal of the action, a district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.  28 U.S.C. § 636(b)(1)(B)-(C).

In his report, the magistrate judge explained that in his initial complaint, Mr. Smith failed to state a claim for a violation of the Eighth Amendment because Mr. Smith did not allege that the defendant nurses' failure to give him immediate, emergency medical treatment for bleeding hemorrhoids exposed him to a substantial risk of serious harm or detrimentally exacerbated his medical problem. (Doc. 9, pp. 6-7).  Mr. Smith's proposed amended complaint contains factual allegations which differ only slightly from his original complaint and from the factual allegations described in the magistrate judge's report and recommendation. Mr. Smith offers no additional substantive facts to support an Eighth Amendment claim, other than his allegation that "[i]t took several weeks for the plaintiff to be seen by a doctor, even though [he] continued to complain about pain."  (Doc. 12 at 2).  As in his initial complaint, Mr. Smith has not provided a factual allegation which demonstrates that the delay detrimentally exacerbated his medical problem.

Furthermore, Mr. Smith received medication for his hemorrhoid issues, and he alleges no facts that suggest that additional medical care was necessary while he waited to see a doctor. Thus, Mr. Smith's supplemental factual allegations do not undermine the magistrate judge's conclusion that the facts alleged do not support an Eighth Amendment claim that is "plausible on its face." *Ashcroft v. Iqbal* 556 U.S. 662, 678 (2009). Consequently, Mr. Smith's proposed amendment is futile.

Accordingly, having reviewed and considered Mr. Smith's original complaint, his supplemental factual allegations, and the magistrate judge's report and recommendation, the Court adopts the magistrate judge's report and accepts his recommendation. In accordance with 28 U.S.C. § 1915A(b), this Court will dismiss this action without prejudice for failing to state a claim upon which relief can be granted.

The Court will enter a separate final judgment.

**DONE** and **ORDERED** this January 24, 2017.

_____
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE